UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TONYA BRAGG ET AL** | **CASE NO. 6:24-CV-01245** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **COSTCO WHOLESALE CORP ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (Rec. Doc. 16). Costco Wholesale Corp. ("Costco") opposed the Motion. (Rec. Doc. 19). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiffs' motion be DENIED.

## Factual Background

On June 26, 2024, Plaintiffs, Tonya and William Bragg, filed a Petition for Damages in state court naming Costco, Ambassador Infrastructure, LLC, ABC Insurance Company, and John/Jane Doe after Plaintiff Tonya Bragg slipped on an "unseen liquid substance" in the refrigerated produce section at Costco causing her to "suddenly and violently fall to the floor" which resulted in "severe and disabling

injuries." (Rec. Doc. 1-1). On August 26, 2024, Plaintiffs filed a "First Supplemental and Amending Petition for Damages" replacing Infrastructure, LLC, with The Industrial Development Board of the Parish of Lafayette, Louisiana Inc. ("The Board"). (Rec. Doc. 1-3). On October 10, 2024, Plaintiffs filed a Second Supplemental, Amending, and Restated Complaint wherein they named three additional Defendants: the manufacturer of the refrigeration unit and/or its ventilation, the installer of the refrigeration unit and/or its ventilation, and the company hired to maintain the refrigeration unit and/or its ventilation. (Rec. Doc. 15).

In the Notice of Removal, Costco alleges that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. (Rec. Doc. 1). The citizenship of the known, named parties is uncontested: Costco is a corporation with its principal place of business in the State of Washington; the Board is a non-profit corporation domiciled in Louisiana; and Plaintiffs are Louisiana citizens. (Rec. Docs. 1, 15, 16-1, & 19). Plaintiffs also maintain that, upon information and belief, the unnamed parties, John/Jane Doe, the manufacturer of the refrigeration unit and/or its ventilation, the installer of the refrigeration unit and/or its ventilation, and the company hired to maintain the refrigeration unit and/or its ventilation are citizens of Louisiana. (Rec. Doc. 16).

2

Costco asserts that the citizenship of defendants sued under fictitious named should be disregarded under 28 U.S. Code § 1441(b)(1) and maintains that the Board is an improperly joined defendant whose citizenship should also be disregarded for removal purposes. (Rec. Docs. 1 & 19). Plaintiffs filed the instant Motion to Remand asserting that they have stated viable claims against the Board, such that the Board is a proper defendant thereby destroying diversity jurisdiction. (Rec. Doc. 16). The Court agrees with Costco that 28 U.S. Code § 1441(b)(1) instructs the Court to disregard "the citizenship of defendants sued under fictitious names" "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a)." Accordingly, the key question in this matter is whether Plaintiffs have viable claims against the Board.

## Law and Analysis

### I. Law applicable to removal, remand, and improper joinder.

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d

3

1404, 1408 (5th Cir. 1995). Thus, Costco, as the party seeking to invoke federal diversity jurisdiction under §1332, bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

In this case, Costco contends that the Board, a non-diverse defendant, was improperly joined. (Rec. Docs. 1 & 19). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007), quoting *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir.2006).

Costco does not contend actual fraud in the pleadings; rather, Costco relies upon the second category of improper removals. As such, the threshold question is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. (citing *Smallwood, supra*). In deciding whether a party was improperly joined, the Court must resolve

4

all contested factual issues and ambiguities of state law in favor of the plaintiff. *Id.* (citing *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir.2005)).

While the Court has discretion to "pierce the pleadings and consider summary judgment-type evidence in the record" in determining whether joinder was improper, it "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir.2004) (citing *Travis,* 326 F.3d at 648-49.). Thus, "although the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *Id.* Any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor. *Id.* The Court "must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Id.* at 334-36; *see also Travis*, 326 F.3d at 650-51 (noting that when discovery was ongoing "simply pointing to the plaintiff's lack of evidence at stage of the case is insufficient" to establish improper joinder). At this stage of the litigation the plaintiff is not expected to produce evidence sufficient to survive a motion for summary judgment; he must only show a "reasonable basis for the [] court to predict that the plaintiff might be able to recover." *Smallwood*, 385 F.3d at 573; *see also Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir.2005)

5

(explaining "[w]e do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so").

## II. Whether Plaintiffs have asserted viable claims against the Board.

According to Plaintiffs, the Board "owned the property…; had access to the premises; and was responsible for the condition of the premises and any defects thereon…" (Rec. Doc. 15, ¶ 5). Plaintiffs contend that the Board and/or Costco knew or should have known that the liquid substance on the floor presented an unreasonable risk of harm to patrons, were on constructive notice of the hazard, and failed to exercise reasonable care in remedying the hazard. (*Id.* at ¶¶ 7-9). Plaintiffs also allege that the Board and/or Costco knew that the refrigeration unit vents in the produce area "produced condensation, especially during hot summer months, which condensation dripped onto the floor of the produce area" creating an "unreasonably hazardous condition." (*Id.* at ¶ 12). Accordingly, Plaintiffs maintain that the Board is liable for damages. (*Id.* at ¶¶ 10, 19, & 20).

Per Plaintiffs, the Board leases the premises to Costco, and the lease does not absolve the Board from responsibility. (Rec. Doc. 16-1, p. 5). Plaintiffs point to La. C.C. art. 2696 which states "[t]he lessor warrants the lessee that the thing is suitable for the purpose for which it was leased and that it is free of vices or defects that prevent its use for that purpose," and La. C.C. art. 2699 which provides waiver of

6

said warranty only when the lessee assumes "by clear and unambiguous language" responsibility of the premises pursuant to La. R.S. 9:322. (*Id*.). Plaintiffs assert that the lease between the Board and Costco contains no such clear and unambiguous language stating that Costco assumes the responsibility of the condition of the premises. (*Id*. at p. 6). Plaintiffs also point to a provision in the lease which states that the Board "shall have the right at all reasonable times and upon reasonable advance notice to enter upon 'The Premises' and to examine and inspect 'The Premises.'" (*Id*). Plaintiffs thus conclude that the Board had the right to enter the store "to detect unreasonable dangerous conditions, and it had a duty to remedy such unreasonably dangerous conditions." (*Id*.).

> Per La. R.S. 9:322:
>
> [T]he owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.

Costco maintains that the lease agreement does have unambiguous language requiring Costco to assume responsibility of the condition of the premises. (Rec. Doc. 19, p. 3). Specifically, Costco points to the following provisions of the lease agreement:

- The Lessee [Costco] agrees that during the Lease Term it will, at its own expense, maintain and keep the [premises] in as reasonably safe condition as its operations shall permit… (Rec. Doc. 19-1, p. 3).

7

- Lessee [Costco] will, with reasonable promptness, make all structural and non-structural, foreseen and unforeseen, and ordinary and extraordinary repairs of every kind and nature… (*Id*.).

- Lessor [the Board] shall not be required to maintain, repair, or rebuild the [premises] or any part thereof in any way, or to make any alterations, replacements or renewals of any nature or description to the [premises] or any part thereof, whether ordinary or extraordinary, structural or non-structural, foreseen or unforeseen… (*Id*.).

- The Lessor [Board] makes no warranty, either expressed or implied, as to the condition of the [premises] or that it will be suitable for the Lessee's [Costco's] purposes or needs. (*Id*. at p. 5).

- The Lessee [Costco] shall indemnify and save harmless the Lessor [the Board]…from and against all liabilities, obligations, claims, damages, penalties, fines, losses, costs and expenses…in connection with the following:

    …

    o (e) any action, suit, claim proceeding of a judicial nature arising from or in connection with Lessor's [the Board's] ownership of the [premises] or the operation, occupation or use of the [premises], including without limitation any action to recover damages for injury to person or property. (*Id*.).

The Court finds that the lease agreement language clearly shifts responsibility for the condition of the premises and liability for any injury at the premises to Costco. Under La. R.S. 9:3221, to establish liability on the part of a lessor who has passed on responsibility for the condition of its property to its lessee, "a plaintiff must establish that (1) he sustained damages; (2) there was a defect in the property; and (3) the lessor knew or should have known of the defect." *Smith v. French Mkt. Corp*., 886 So. 2d 527, 530 (La. App. 4 Cir. 2004).

8

Plaintiffs did not allege that a representative of the Board was present at the time of the incident, or that the Board was put on notice about the condition. Rather, they vaguely allege that the Board knew or should have known that the liquid substance on the floor presented an unreasonable risk of harm to patrons, were on constructive notice of the hazard, and failed to exercise reasonable care in remedying the hazard, and that the Board knew that the refrigeration unit vents in the produce area "produced condensation, especially during hot summer months, which condensation dripped onto the floor of the produce area" creating an "unreasonably hazardous condition." (Rec. Docs. 16, ¶¶ 7-9 & ¶ 12). Further, while Plaintiffs conclude that the Board had the right to enter the store "to detect unreasonable dangerous conditions, and it had a duty to remedy such unreasonably dangerous conditions," (Rec. Doc. 16-1, p. 6), there are no pleaded facts to support a finding that the Board ever inspected the premises, had knowledge of, or received notice of the alleged defect, and conclusory allegations are not accepted as true. *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

Accordingly, Plaintiffs' general allegations that the Board had actual or constructive knowledge of and knew and should have known of the defective condition are conclusory allegations that fail to state a claim against the Board. *See Jacko v. DG Louisiana LLC*, No. 20-CV-00162, 2020 WL 3022924, at *1 (W.D. La.

May 15, 2020), report and recommendation adopted, No. 6:20-CV-00162, 2020 WL 3023055 (W.D. La. June 4, 2020); *see also Giles v. Wal-mart Louisiana LLC*, No. CV 16-2413, 2016 WL 2825778, at *1 (E.D. La. May 13, 2016). Therefore, the Board has been improperly joined. As such, the Court may ignore the Board's citizenship for the purpose of determining the existence of subject matter jurisdiction. The parties have asserted no other impediment to the Court's exercise of diversity jurisdiction, and the pleadings and notice of removal establish that diversity jurisdiction exists in this case. It is therefore recommended that Plaintiffs' Motion to Remand be DENIED. Should Plaintiffs discover additional information regarding the unnamed Defendants' citizenship, the Court will entertain a request for leave to amend and subsequent Motion to Remand at the appropriate time.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiffs' Motion to Remand (Rec. Doc. 16) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 21st day of November, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE